1   TOWNSEND AND TOWNSEND AND CREW LLP
    GREGORY S. GILCHRIST (State Bar No. 111536)
2   GIA L. CINCONE (State Bar No. 141668)
    RAQUEL PACHECO (State Bar No. 245328)
3   Two Embarcadero Center, 8th Floor
    San Francisco, California 94111
4   Telephone:  (415) 576-0200
    Facsimile:  (415) 576-0300
5   gsgilchrist@townsend.com;
    glcincone@townsend.com;
6   rpacheco@townsend.com

7   Attorneys for Plaintiff
    LEVI STRAUSS & CO.
8

9   RACHEL R. DAVIDSON (State Bar No. 215517)
    K&L GATES
10  55 Second Street, Suite 1700
    San Francisco, CA  94105-3493
11  Telephone:  (415) 882-8200
    Facsimile:  (415) 882-8220
12  rachel.davidson@klgates.com

13  KJIRSTIN J. GRAHAM (State Bar No. 239485)
    K&L GATES
14  618 West Riverside Avenue, Suite 300
    Spokane, WA  99201
15  Telephone (509) 624-2100
    Facsimile:  (415) 456-0146
16  kjirstin.graham@klgates.com

17  Attorneys for Defendant
    JEANS CITY USA, INC.
18
                    UNITED STATES DISTRICT COURT
19
                FOR THE NORTHERN DISTRICT OF CALIFORNIA
20

21  LEVI STRAUSS & CO.,                          Case No. C 08-01639 WHA

22                  Plaintiff,                   **JOINT CASE MANAGEMENT
                                                 STATEMENT AND [PROPOSED]
23          v.                                   ORDER**

24  JEANS CITY USA, INC.,                        **CMC DATE:  July 24, 2008**
                                                 **CMC TIME:   2:30 p.m.**
25                  Defendant.

26

27          Plaintiff Levi Strauss & Co. ("LS&CO.") and defendant Jeans City USA, Inc. ("Jeans

28  City") jointly submit this Case Management Statement and Proposed Order.

1      **1.     Jurisdiction and Service.**

2          LS&CO.'s first, second and third claims arise under the Lanham Act.  This Court has

3  subject matter jurisdiction over those claims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1338(b)

4  and 15 U.S.C. §1121, and supplemental jurisdiction over LS&CO.'s state law claims pursuant to

5  28 U.S.C. §1367.  No issue exists as to personal jurisdiction or venue, and no parties remain to

6  be served.

7      **2.     Facts and Bases for Claims and Defenses.**

8          <u>Plaintiff's Claims:</u>

9          LS&CO. is a Delaware corporation which has its principal place of business in San

10  Francisco, California.  LS&CO. is the sole owner of the Arcuate Stitching Design Trademark

11  ("Arcuate Trademark"), which LS&CO. has used continuously in interstate commerce since

12  1873 and which is the oldest apparel trademark still in use in the United States.  The Arcuate

13  Trademark is federally registered and incontestable.  Examples of LS&CO.'s use of the Arcuate

14  Trademark on jeans are attached as Exhibit A to the Complaint, and LS&CO.'s federal and

15  California registrations for the Arcuate Trademark are attached to the Complaint as Exhibit B.

16  LS&CO. is also the sole owner of the Tab Device Trademark ("Tab trademark"), which

17  LS&CO. has used continuously in interstate commerce since 1936.  The Tab Trademark is

18  federally registered and is incontestable.  Examples of LS&CO.'s use of the Tab Trademark on

19  jeans are attached to Exhibit C to the Complaint and LS&CO.'s federal and California

20  registrations for the Tab Trademark are attached to the Complaint as Exhibit D.

21          Jeans City USA, Inc. is a Florida corporation with its principal place of business at 8030

22  W. 26th Ave., Hialeah, Florida 33016.  Jeans City manufactures and sells a line of clothing,

23  including jeans.  These jeans are sold on at least the Jeans City website (www.jeanscityusa.com)

24  and in various states throughout the United States.  Jeans City has distributed jeans that display

25  stitching and/or tab designs that LS&CO. believes are confusingly similar to LS&CO.'s Arcuate

26  and Tab Trademarks and violate LS&CO.'s rights in its marks.  LS&CO.'s complaint states

27  claims against Jeans City for trademark infringement, dilution and unfair competition under

28  federal and California law.

1    Defendant's Defenses:

2    Jeans City denies all allegations in LS&CO.'s Complaint.  Jeans City does not have the

3    resources to take-on LS&CO.'s apparel empire.  In Jeans City's view, LS&CO. has already

4    obtained a fair remedy—Jeans City has permanently ceased manufacturing and selling any

5    product bearing the tabs and/or stitching designs at issue in this litigation, and as a remedial

6    measure, did so promptly after being served with LS&CO.'s Complaint.  It is Jeans City's

7    position that prior to being served with LS&CO.'s lawsuit, it never received notice from

8    LS&CO. indicating that it thought Jeans City was infringing LS&CO.'s trademarks.  If it had,

9    Jeans City believes that this lawsuit could have been avoided.  Without admitting any liability,

10   Jeans City wants this litigation to end, and believes that an equitable outcome has been

11   achieved.  In the event that LS&CO. proceeds to litigate this case, Jeans City will defend on the

12   merits, and believes that its affirmative defenses will provide an independent basis to dismiss

13   LS&CO.'s Complaint.

14       **3.      Issues in Dispute.**

15       The issues (both factual and legal) set forth below are not meant to be final or

16   exhaustive, and the parties reserve their rights to reformulate these issues or include other

17   appropriate issues as they develop or become known to the parties through the course of

18   discovery and investigation.  Furthermore, the characterization of an issue as "factual" or "legal"

19   is not necessarily a concession that it is not the other or both.

20       Factual Issues:

21       a.      Whether Jeans City's manufacture, distribution, and/or sale of products

22   bearing the stitching and/or tab designs at issue is likely to cause confusion, mistake or

23   deception among consumers and potential consumers.

24       b.      Whether Jeans City's manufacture, distribution, and/or sale of products

25   bearing the stitching and/or tab designs at issue dilutes or is likely to dilute LS&CO.'s Arcuate

26   and/or Tab Trademark.

27   ///

28   ///

1    c.    Whether and to what extent LS&CO. has been damaged by Jeans City's

2    manufacture, distribution, and/or sale of products bearing the stitching and/or tab designs at

3    issue.

4    d.    Whether the Arcuate and/or Tab Trademarks are famous.

5    e.    The amount of profits earned by Jeans City on products bearing the

6    stitching and/or tab designs at issue.

7    f.    Whether LS&CO. failed to give Jeans City notice of infringement and an

8    opportunity to take corrective measures before LS&CO. filed its Complaint.

9    g.    Whether LS&CO. has adequately protected/policed its Arcuate and/or

10   Tab Trademarks.

11   h.    Whether and to what extent LS&CO. has improperly licensed its Arcuate

12   and/or Tab Trademarks.

13   i.    Whether and to what extent pocket stitching designs and tabs similar to

14   LS&CO.'s trademarks are in common use by third parties unrelated to Jeans City.

15   j.    Whether LS&CO. has abandoned or acquiesced in enforcing its Arcuate

16   and/or Tab Trademarks.

17   k.    Whether LS&CO. has allowed its Arcuate and/or Tab Trademarks to be

18   used to misrepresent the source of its goods or in the connection with which the marks are used.

19   l.    Whether LS&CO failed to mitigate any alleged injury or damages.

20   Legal Issues:

21   a.    Whether Jeans City's manufacture, distribution, and/or sale of products

22   bearing the stitching and/or tab designs at issue constitutes infringement and dilution of

23   LS&CO.'s Arcuate Trademark and/or Tab Trademark and unfair competition under the federal

24   Lanham Act, 15 U.S.C. § 1051 *et seq*.

25   b.    Whether Jeans City's manufacture, distribution, and/or sale of products

26   bearing the stitching and/or tab designs at issue constitutes trademark infringement and unfair

27   competition under California common law and/or Cal. Bus. & Prof. Code §§ 14320, 17200 *et*

28   *seq*., and dilution of LS&CO.'s Arcuate Trademark and/or Tab Trademark under Cal. Bus. &

1    Prof. Code § 14330.

2        c.    Whether LS&CO. is entitled to recovery of Jeans City's profits or a

3    reasonable royalty on account of the infringement under the federal Lanham Act, 15 U.S.C. §

4    1117 (a) and/or common law.

5        d.    Whether LS&CO.'s Arcuate Trademark and/or Tab Trademark are

6    enforceable.

7        e.    Whether LS&CO.'s Arcuate Trademark and/or Tab Trademark should be

8    cancelled.

9        f.    Whether LS&CO.'s prior conduct precludes its causes of action.

10        g.    Whether LS&CO has misused its Arcuate Trademark and/or Tab

11    Trademarks.

12        h.    Whether LS&CO's Arcuate Trademark and/or Tab Trademarks have

13    become generic.

14        i.    If damaged, whether LS&CO. is entitled to a royalty measure of

15        damages.

16    **4.    Motions.**

17        The parties anticipate that they may file dispositive motions, depending on the evidence

18    that is produced during the discovery process.

19    **5.    Amendment of Pleadings.**

20        The parties have agreed to a deadline of October 16, 2008 to amend pleadings.

21    **6.    Evidence Preservation.**

22        LS&CO. has taken steps, including the suspension of normal document destruction

23    programs and placement of a litigation hold for documents, including electronically stored

24    documents, to preserve evidence relevant to the issues reasonably evident in this action,

25    including interdiction of any document destruction program and any ongoing erasure of emails,

26    voice mails and other electronically recorded materials.

27        Jeans City has taken similar preservation measures, including litigation hold notices for

28    all documents, electronic or otherwise, that may be relevant to this action.

1  **7.     Disclosures.**

2      The parties have timely complied with the initial disclosure requirements of

3  Fed. R. Civ. P. 26.

4  **8.     Discovery.**

5      The parties expect to agree upon a stipulation regarding the entry of a protective order

6  governing documents and information to be disclosed in the course of this litigation.

7  Thereafter, the parties anticipate exchanging document requests and other written discovery and

8  cooperating in arranging depositions of pertinent party and non-party witnesses.  The parties do

9  not propose any other changes with regard to the timing, form, or requirement for disclosures

10  under Fed. R. Civ. P.  Rule 26(a).  The parties have not agreed to any limitations on the subject

11  matter of discovery, and are to complete discovery within the time limits to be set by the court.

12  Should the need arise at a later date to amend these deadlines, they may be modified by

13  stipulation and order or motion supported by good cause.

14  **9.     Class Actions.**

15      This is not a class action.

16  **10.     Related Cases.**

17      There are no related cases pending in this Court.  Jeans City believes that LS&CO.'s

18  prior and pending Complaints against third parties relating to the Arcuate Trademark and/or Tab

19  Trademarks are relevant to its claims and defenses.

20  **11.     Relief.**

21      Pursuant to 15 U.S.C. § 1117(a), LS&CO. will seek damages in the amount of Jeans

22  City's profits from the sale of infringing goods or, alternatively a reasonable royalty.  Given that

23  discovery with respect to damages has not yet begun, LS&CO. is unable to compute damages at

24  this time.  LS&CO. may seek recovery of additional statutory penalties and punitive damages,

25  and recovery of its attorneys' fees in the event that Jeans City's conduct was willful.  LS&CO.'s

26  complaint also seeks injunctive relief.  Jeans City will seek recovery of all its costs and fees

27  incurred in defense of this action.

28  *///*

**12.     Settlement and ADR.**

The parties request referral to mediation as their ADR process.

**13.     Consent to Magistrate Judge For All Purposes.**

The parties do not believe the case is suitable for a magistrate judge and have elected to have the case heard by a trial judge.

**14.     Other References.**

The parties do not believe the case is suitable for reference to binding arbitration, a special master, or to the Judicial Panel on Multidistrict Litigation.

**15.     Narrowing of Issues.**

The parties do not believe that the issues in dispute can be narrowed.

**16.     Expedited Schedule.**

The parties do not believe that this type of case can be handled on an expedited basis with streamlined procedures.

**17.     Scheduling.**

The parties propose the following discovery and court dates:

| | |
|---|---|
| Fact Discovery Cutoff: | January 30, 2009 |
| Expert Disclosures: | February 29, 2009 |
| Rebuttal Expert Disclosures: | March 20, 2009 |
| Expert Discovery Cut-off: | April 13, 2009 |
| Last Date for Filing of Dispositive Motions: | May 20, 2009 (to be heard June 18, 2009) |
| Final Pretrial Conference Date: | August 3, 2009 |
| Trial Date: | August 17, 2009 |

**18.     Trial.**

The parties expect that the trial will last three to five court days.  LS&CO. has demanded a jury.  The parties do not believe bifurcation is a viable alternative in this case.

**19.     Disclosure of Non-party Interested Entities or Persons.**

LS&CO. has filed the "Certification of Interested Entities or Persons" required by Civil

1   Local Rule 3-16 certifying that other than the named parties there are no other interested entities

2   or persons.  Jeans City certifies that other than the named parties there are no other interested

3   entities or parties.

4          **20.     Other Items.**

5          None.

6

7   DATED:  July 17, 2008                Respectfully submitted,

8

9                                    By:   __/s/ Raquel Pacheco_____
                                          Raquel Pacheco
10                                         TOWNSEND AND TOWNSEND AND CREW
                                          LLP
11
                                          Attorneys for Plaintiff
12                                         LEVI STRAUSS & CO.

13

14  DATED:  July 17, 2008
                                     By:   __/s/ Rachel R. Davison_____
15                                         Rachel R. Davison
                                          K&L GATES
16
                                          Attorneys for Defendant
17                                         JEANS CITY USA, INC.

18

19

20

21

22

23

24

25

26

27

28

**GENERAL ORDER ATTESTATION**

Pursuant to General Order No. 45, Section X(B) regarding signatures, I, Raquel Pacheco attest that concurrence in the filing of this document has been obtained from Rachel R. Davison. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 17th day of July, 2008. at San Francisco, California.

 /s/ Raquel Pacheco                                         
Raquel Pacheco

61431648 v1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated: _____, 2008

_____
THE HONORABLE WILLIAM ALSUP
United States District Court Judge