1   TOWNSEND AND TOWNSEND AND CREW LLP
    GREGORY S. GILCHRIST (Bar # 111536)
2   GIA L. CINCONE (Bar # 141668)
    Two Embarcadero Center, 8th Floor
3   San Francisco, California  94111
    Telephone:  (415) 576-0200
4   Facsimile:  (415) 576-0300
    Email:  gsgilchrist@townsend.com, glcincone@townsend.com
5
    Attorneys for Plaintiff
6   LEVI STRAUSS & CO.

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  LEVI STRAUSS & CO.,                    Case No. C 08-01639 WHA

12                  Plaintiff,
                                           **STIPULATION TO FINAL
13          v.                             JUDGMENT AND PERMANENT
                                           INJUNCTION**
14  JEANS CITY USA, INC.,

15                  Defendant.

16

17          Plaintiff Levi Strauss & Co. and Defendant Jeans City USA, Inc. hereby stipulate to the facts

18  and conclusions contained in the attached Final Judgment and Permanent Injunction and consent to its

19  entry by the court.

20

21  IT IS SO STIPULATED AND CONSENTED.

22

23  DATED:  July 16, 2009          TOWNSEND AND TOWNSEND AND CREW LLP

                                    By:   /s/ Gia L. Cincone_____
24                                           Gia L. Cincone
                                          Attorneys for Plaintiff Levi Strauss & Co.
25

26  DATED:  July 16, 2009          K&L GATES LLP

27                                  By:   /s/ Rachel R. Davidson_____
                                             Rachel R. Davidson
28                                        Attorneys for Defendant Jeans City USA, Inc.

1
2
3
4
5
6
7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   LEVI STRAUSS & CO.,                      Case No. C 08-01639 WHA

12              Plaintiff,

13        v.                                  **FINAL JUDGMENT UPON**
                                              **CONSENT AND PERMANENT**
14   JEANS CITY USA, INC.,                    **INJUNCTION**

15              Defendant.

16   _____

17        Plaintiff Levi Strauss & Co. ("LS&CO.") has filed a Complaint alleging trademark

18   infringement, dilution, and unfair competition under federal and California law against defendant

19   Jeans City USA, Inc. ("Jeans City").  LS&CO. alleges that Jeans City has manufactured, promoted,

20   and sold clothing, including denim jeans, that violates LS&CO.'s rights in its registered Arcuate

21   Stitching Design Trademark (the "Arcuate trademark") and its registered Tab Device Trademark (the

22   "Tab trademark").  Jeans City denies all of these allegations and consents to entry of judgment to

23   resolve this matter expeditiously.

24        The Court now enters final judgment based upon the following undisputed facts. Each party

25   has waived the right to appeal from this final judgment and each party will bear its own fees and costs

26   in connection with this action.

27

28

1   **I.     STIPULATED FACTS AND CONCLUSIONS**

2       A.    This Court has subject matter jurisdiction over this lawsuit and personal jurisdiction

3 over Jeans City.  Venue is proper in this Court.

4       B.    LS&CO. owns the Arcuate trademark, which is a valid and famous trademark of

5 LS&CO. and which is registered as follows for use on a variety of casual apparel:

6          a.    U.S. Registration No. 1,139,254 (first used as early as 1873; registered

7 September 2, 1980);

8          b.    U.S. Registration No. 404,248 (first used as early as 1873; registered November

9 16, 1943).

10 These registrations have become incontestable under the provisions of 15 U.S.C. § 1065.

11          c.    U.S. Registration No. 2,794,649 (first used as early as 1873; registered

12 December 16, 2003); and

13          d.    California Registration No. 088399 (first used as early as 1873; registered

14 August 24, 1988).

15       C.    LS&CO. owns the Tab trademark, which is a valid and famous trademark of LS&CO.

16 and which is registered as follows for use on a variety of casual apparel:

17          a.    Registration No. 356,701 (first used as early as September 1, 1936; registered

18 May 10, 1938);

19          b.    Registration No. 516,561 (first used as early as September 1, 1936; registered

20 October 18, 1949);

21          c.    Registration No. 577,490 (first used as early as September 1, 1936; registered

22 July 21, 1953);

23          d.    Registration No. 774,625 (first used as early as May 22, 1963; registered

24 August 4, 1964);

25          e.    Registration No. 775,412 (first used as early as October 9, 1957; registered

26 August 18, 1964); and

27          f.    Registration No. 1,157,769 (first used as early as September 1, 1936; registered

28 June 16, 1961).

These registrations have become incontestable under the provisions of 15 U.S.C. § 1065.

   D.   Jeans City has manufactured, distributed, and sold jeans that display the stitching designs illustrated in Exhibit A (the "Jeans City designs") and the pocket tabs illustrated in Exhibit B (the "Jeans City tabs").

## II.   ORDER

   It is hereby ordered and adjudged as follows:

   1.   Commencing as of the "So Ordered" date of this Final Judgment and Permanent Injunction, Jeans City, its principals, agents, employees, officers, directors, servants, successors, and assigns, and all persons acting in concert or participating with it or under its control who receive actual notice of this Order, are hereby permanently enjoined and restrained, directly or indirectly, from doing, authorizing or procuring any persons to do any of the following:

      a.   Manufacturing, licensing, selling, offering for sale, distributing, importing, exporting, advertising, promoting, or displaying any products that display any of the Jeans City designs or Jeans City tabs, or any other stitching design or tab that is substantially similar to the Jeans City designs or Jeans City tabs; and

      b.   Assisting, aiding or abetting any person or entity engaging in or performing any act prohibited by this paragraph.

   2.   Jeans City shall pay to LS&CO. the sum of $4,000.00 within 14 calendar days from the date of entry of this Judgment.  If this amount is not timely paid, interest of 7% per annum will run on the unpaid balance from the date of entry of this Judgment.  A check payable to Levi Strauss & CO. shall be sent to Townsend and Townsend and Crew LLP addressed as follows:

> Gia L. Cincone, Esq.
> TOWNSEND AND TOWNSEND AND CREW LLP
> Two Embarcadero Center, 8th Floor
> San Francisco, CA  94111

   3.   In the event that Jeans City violates the terms of this Judgment by making, selling or offering for sale garments displaying any of the Jeans City designs or Jeans City tabs after the execution of this Judgment, it shall pay to LS&CO. liquidated damages of (a) 14% of the sales revenue received by Jeans City at any time on account of such garments, or (b) $7,500, whichever is

1   greater, and judgment shall be entered against Jeans City for that amount.  Jeans City specifically

2   acknowledges that this is a reasonable estimate of the damages to which LS&CO. would be entitled by

3   virtue of Jeans City's sales of such garments and the costs LS&CO. has incurred in enforcing its rights.

4   Such liquidated damages shall be in addition to any further damages or equitable relief to which

5   LS&CO. may be entitled with respect to future sales by Jeans City that violate LS&CO.'s trademark

6   rights, but any payments made by Jeans City pursuant to this paragraph shall be deemed a credit

7   against any potential award of damages under this paragraph.

8          4.     This Court shall retain jurisdiction for the purpose of making any further orders

9   necessary or proper for the construction or modification of this Judgment, the enforcement thereof,

10  and/or the punishment for any violations thereof.  If LS&CO. commences an action for enforcement

11  of this Judgment, the prevailing party shall be awarded reasonable attorneys' fees and costs from the

12  other party.

13         5.     For the purpose of any future proceeding to enforce the terms of this Judgment, service

14  by mail upon a party or their counsel of record at their last known address shall be deemed adequate

15  notice for each party.

16        **The Court shall retain jurisdiction for 1 year.**

17  IT IS SO ORDERED AND ADJUDGED.

18

19

20  DATED: _____July 28, 2009_____

21

22

23

24

25  61654573 v1

26

27

28

---

IT IS SO ORDERED

Judge William Alsup

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# EXHIBIT A







Exhibit A-1



**Exhibit A-2**

**EXHIBIT B**





Exhibit B-1







Exhibit B-2







Exhibit B-3





**Exhibit B-4**